# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41273
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMUNDO JOSE CABRERA-PARADES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1821

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:*

Raymundo Jose Cabrera-Parades (Cabrera) appeals his 292-month bottom-of-the-guideline-range sentence imposed following his guilty plea to possession with intent to distribute approximately 15.4 kilograms of methamphetamine.  Cabrera argues that the district court committed procedural and substantive error at sentencing by considering incorrect facts, applying the Guidelines as mandatory, applying the presumption of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness to the sentencing guidelines range, and advocating the position of the Government.

Because Cabrera did not raise these arguments in the district court, review is for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To demonstrate plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights, and this court generally will exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States,* 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

Cabrera has not demonstrated that the district court committed procedural or substantive error based on its comments indicating its doubt that the instant drug-trafficking case was Cabrera's initial criminal activity. The sentencing guideline range was calculated based on Cabrera having no criminal history, and the district court did not depart or vary upward to a higher criminal history category to increase Cabrera's sentencing range. The district court also sentenced Cabrera at the bottom of the range, which contradicts the argument that it increased the punishment in light of its thoughts on Cabrera's criminal history. The record does not reflect that the district court's doubts about the accuracy of Cabrera's criminal history had any effect on the sentence imposed and, thus, it did not constitute a procedural or substantive error that affected his substantial rights. *See Puckett*, 556 U.S. at 135; *United States v. Delgado-Martinez*, 564 F.3d 750, 752-54 (5th Cir. 2009).

The record reflects that the district court listened to counsel's arguments and Cabrera's allocution and relied on relevant factors in imposing a guideline sentence. The district court's comments reflected its consideration of the ongoing nature of Cabrera's serious criminal activity, his continued

participation in the drug conspiracy, the harm that the drug activity caused to his community and others, and the need to protect society by "catch[ing]" criminals. Although the district court advised Cabrera that part of accepting responsibility involved making his family aware of his criminal conduct, the court was referring to family letters that expressed doubt that Cabrera had committed the offense in question. The court did not, however, refuse to grant Cabrera three points for acceptance of responsibility. The remarks reflect the district court's consideration of relevant 18 U.S.C. § 3553(a) factors and do not show that the district court treated the Guidelines as mandatory or that it lacked impartiality. *See Gall v. United States*, 552 U.S. 38, 49-53 (2007).

A discretionary sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d  551, 554 (5th Cir. 2006). Cabrera has not rebutted the presumption of reasonableness because he has not shown that his sentence failed to take into account a significant factor, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the sentencing factors. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). Because Cabrera has not demonstrated that the district court committed a clear or obvious error that affected his substantial rights, his sentence is AFFIRMED. *See Puckett*, 556 U.S. at 135.